UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASHA KUZECKI on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>   - against -<br><br>SOLOMON AND SOLOMON, P.C.,<br><br>       Defendant. | 11-cv-4230 (JG)(JMA)<br><br>**ANSWER** |

Defendant SOLOMON AND SOLOMON, P.C. ("Defendant" or "Solomon"), by and through its attorneys, HINSHAW & CULBERTSON LLP, for its answer to Plaintiff's Class Action Complaint (the "Complaint"), states as follows:

## IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "INTRODUCTION"

1. Denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

## IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "PARTIES"

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint, except admits that it is not a non-profit entity and that it collects debt.

6. The allegations contained in paragraph 6 of the Complaint purport to state conclusion of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

## IN RESPONSE TO THE ALLEGATIONS
## UNDER THE HEADING "JURISDICTION AND VENUE"

7. The allegations contained in paragraph 7 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

8. The allegations contained in paragraph 8 of the Complaint purport to state conclusion of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits Defendant attempted to collect a debt.

10. Denies the allegations contained in paragraph 10 of the Complaint, except admits Defendant attempted to communicate with Plaintiff.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 of the Complaint purport to state conclusion of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

### IN RESPONSE TO THE ALLEGATIONS
### UNDER THE HEADING "AS AND FOR A FIRST CAUSE OF ACTION – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BROUGHT BY PLAINTIFF ON BEHALF OF HERSELF AND THE MEMBERS OF A CLASS, AS AGAINST THE DEFENDANT"

17. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 16 of the Complaint, as if fully set forth herein.

18. Denies the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiff purports to proceed as stated therein. Furthermore, Defendant denies Plaintiff has any valid claims, denies any putative class members have any valid claims and denies any class exists.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint and all its subparts.

23. The allegations contained in paragraph 23 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

24. Denies the allegations contained in paragraph 24 of the Complaint, except admits that Plaintiff purports to proceed as stated therein.

25. The allegations contained in paragraph 25 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT"

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING "AS AND FOR A SECOND CAUSE OF ACTION – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT BROUGHT BY PLAINTIFF"

28. Repeats, realleges and incorporates by reference its responses set forth in response to paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29. Denies the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

### IN RESPONSE TO THE ALLEGATIONS UNDER THE HEADING
### "VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRIVACY ACT"

35. Denies the allegations contained in paragraph 35 of the Complaint and further states that the remaining allegations contained in this paragraph purport to state conclusion of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied

36. The allegations contained in paragraph 36 of the Complaint purport to state conclusions of law which do not require a response. To the extent these allegations infer the existence of facts supporting a claim for relief against Defendant, they are denied.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

41. This Court lacks original jurisdiction over the Telephone Consumer Protection Act ("TCPA") claims. 47 U.S.C. §227(b)(3).

### THIRD AFFIRMATIVE DEFENSE

42. Any violation of the Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**FOURTH AFFIRMATIVE DEFENSE**

43. Defendant established and implemented, with due care, any reasonable practices and procedures to effectively prevent violations of the TCPA.

**FIFTH AFFIRMATIVE DEFENSE**

44. Plaintiff consented to being telephoned and/or contacted at the telephone numbers provided.

**SIXTH AFFIRMATIVE DEFENSE**

45. Any violation of the FDCPA or the TCPA, which Defendant denies occurred, was caused by and/or resulted from the contributory negligence of Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

46. Any recovery to the Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying debt.

**EIGHTH AFFIRMATIVE DEFENSE**

47. Plaintiff's claims are barred or diminished due to Plaintiff's failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

48. Plaintiff's claims are barred, in whole or in part, by legal or equitable doctrines including but not limited to estoppel, waiver and unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

49. To the extent that any violation of the FDCPA or the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant or employee of Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

50.     Defendant objects to the definition of the "class" set forth in the Complaint.  In the event that Plaintiff moves, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for leave to maintain this lawsuit as a class action, to certify a class for purposes of adjudicating the claims in the Complaint, and/or to certify Plaintiff as class representative, Defendant reserves the right to object to any definition of the class that is proposed by Plaintiff including, but not limited to, the definition of "class" that is set forth in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

51.     Plaintiff's claims are not typical of the class members' individual claims and, therefore, Plaintiff is not an appropriate class representative

**THIRTEENTH AFFIRMATIVE DEFENSE**

52.     Defendant reserves the right to assert additional, separate and alternative affirmative defenses as discovery warrants.

130209521  0927505

**WHEREFORE,** Defendant Solomon & Solomon, P.C. respectfully requests that the Court dismiss the Complaint in its entirety, and grant such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
       November 11, 2011

                HINSHAW & CULBERTSON LLP
                *Attorneys for Defendant*
                *Solomon & Solomon, P.C.*

                By: /s/ *Concepcion A. Montoya*_____
                     Concepcion A. Montoya (CM-7147)
                     Elizabeth K. Devine (ED-0082)

                780 Third Avenue, 4th Floor
                New York, NY 10017
                (212) 471-6200

TO:   Adam J. Fishbein, Esq.
        *Attorney for Plaintiff*
        483 Chestnut Street
        Cedarhurst, NY 11516
        (516) 791-4400